IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-571-BO

MARTRELL LANE, an individual, and
DERICK LEWIS, an individual,
          Plaintiffs,

v.

CITY OF SHARPSBURG and TRAVIS A.
PARKER,
          Defendants.

O R D E R

This matter is before the Court on Defendant Town[1] of Sharpsburg's motion to dismiss [DE 11] and Plaintiffs' motion for leave to file second amended complaint [DE 15]. A hearing was held before the undersigned on June 28, 2012, at Raleigh, North Carolina. For the reasons discussed below, Defendant's motion to dismiss is granted in part and denied in part and Plaintiffs' motion for leave to file is granted.

## BACKGROUND

Plaintiffs filed this action on October 19, 2011, and amended their complaint on November 22, 2011. Plaintiffs allege that on February 22, 2008, they were minor students riding on a school bus and that Defendant Parker, a police officer with the Town of Sharpsburg, was riding behind the bus in his patrol car. Some of the students on the bus were allegedly making faces and gestures out the back window of the bus. When the bus stopped, Parker opened the emergency door on the back of the bus and boarded it. Parker allegedly berated and yelled at the children on the bus and eventually removed both Plaintiffs and one pregnant female to his patrol car. Plaintiffs allege that the driver of the bus attempted to calm Parker down several times to no

---

[1] Defendant Sharpsburg was incorrectly identified in Plaintiffs' amended complaint as City of Sharpsburg. As Plaintiffs and Defendant Sharpsburg refer to the Town of Shaprsburg in their filings, the Court will do the same.

avail. Following their removal from the bus, Plaintiffs were handcuffed and driven to the police station in the back of Parker's patrol car. Plaintiffs allege that Parker used racial epithets, attempted to incite one Plaintiff to hit him, and responded to an allegation that his actions were racially motivated by stopping his police vehicle abruptly so that Plaintiffs were slammed about the vehicle.

Plaintiffs filed this action after they reached the age of majority, with claims for negligence, negligent hiring and employment retention, civil assault, civil battery, false arrest, false imprisonment, and violations of their constitutional rights, including their rights to free speech and liberty, pursuant to 42 U.S.C. § 1983. Defendant Sharpsburg has moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs seek leave to file a second amended complaint.

## DISCUSSION

*Motion to Dismiss*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the

"complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Plaintiffs concede that their state law claims and claim for punitive damages must be dismissed. Sharpsburg's motion is accordingly granted as it relates to those claims. Plaintiffs do not concede, however, to the dismissal of their § 1983 claim against Sharpsburg. Plaintiffs argue that their amended complaint contains sufficient factual allegations to support a claim that Sharpsburg failed to adequately train its officers.

A municipality may not be held liable under 42 U.S.C. § 1983 for the wrongdoing of its employees under a theory of *respondeat superior*, but rather may only be held liable for its own unlawful policy or custom executed by its lawmakers or those persons whose acts may be fairly said to represent official policy. *Monell v. Dep't of Soc. Serv. of the City of N.Y.*, 436 U.S. 658, 691-4 (1978). "[T]he inadequacy of police training may serve as a basis of § 1983 liability," but "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A showing of mere negligence, however, would be insufficient to expose a municipality to § 1983 liability for failure to train its police officers. *Jordan v. Jackson*, 15 F.3d 333, 341 (4th Cir. 1994). A plaintiff must show that the failure to train is so egregious that it amounts to a policy or custom for which the municipality should be held responsible. *City of Canton*, 489 U.S. at 389-90.

Plaintiffs have alleged in their amended complaint that Sharpsburg police officer Parker acted without regard for Plaintiffs' constitutional rights and that upon information and belief Parker was not properly trained for the role of law enforcement officer. Plaintiffs further allege that Parker was inadequately trained on the standards of police reports and reports of arrest, on

3

the use of threats and intimidation, and on the standard for probable cause to stop and arrest citizens. The Court finds that, based on the allegations in the amended complaint, it is plausible that Plaintiffs could "establish through discovery a pattern of conduct by officers indicating a lack of training and that such lack of training resulted in the injuries [Plaintiffs] allege[] they sustained." *Hall v. Burney*, 454 Fed. App'x 149, 151 (4th Cir. 2011) (unpublished).

Plaintiffs have also alleged that Sharpsburg's decision to hire Parker was deficient. Again, based on the factual allegations in the amended complaint, the Court finds that it is plausible that Plaintiffs could establish through discovery that Parker's actions that allegedly violated Plaintiffs' constitutional rights "would be a plainly obvious consequence of [Sharpsburg's] hiring decision" and that such a hiring decision was a direct cause of the violation of Plaintiffs' constitutional rights. *Bd. of Comm'rs of Bryan Cnty v. Brown*, 520 U.S. 397, 411 (1997). Accordingly, Sharpsburg's motion to dismiss Plaintiffs' § 1983 claim is denied.

*Motion to Amend*

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend his pleadings as a matter of right under certain circumstances or with the opposing party's consent or leave of court. Fed. R. Civ. P. 15(a)(1)-(2). Further, Rule 15 directs that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A court should only deny leave to amend a pleading when the amendment would be prejudicial to the opposing party, where there has been bad faith on the part of the moving party, or when the amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiffs seek leave to amend their complaint in order to clarify and elaborate on facts and allegations supportive of their claims against Sharpsburg for failure to train and supervise Defendant Parker. A prejudicial amendment is commonly "one that raises a new legal theory that would require the gathering and analysis of facts not already considered" and that is "offered shortly before or during trial." *Laber*, 438 F.3d at 427 (citation and quotation omitted). Sharpsburg has been on notice of claims by Plaintiffs of failure to adequately train and supervise Defendant Parker since the filing of the first amended complaint. Further, Plaintiffs seek to amend their complaint prior to discovery taking place and long before the eve of trial. Accordingly, the Court finds no prejudice that would result to Sharpsburg in allowing such an amendment.

Sharpsburg contends that Plaintiffs' amendment has been made in bad faith, arguing that it was filed only to circumvent the motion to dismiss. Plaintiffs state in the motion to amend, however, that they do not concede to the dismissal of their § 1983 claim, but seek leave to correct a drafting error in the amended complaint and to better elaborate on facts in support of their § 1983 allegations. While the timing of Plaintiffs' motion in relation to the motion to dismiss might be suspect, in light of Plaintiffs' contentions and the nature of their proposed amendments the Court finds that Plaintiffs' motion to amend was not made in bad faith. *See e.g. Sandcrest Outpatient Servs., P.A. v. Cumberland Cnty Hosp. Sys., Inc.*, 853 F.2d 1139, 1148-49 (contrasting a request to "add more particularized or newly discovered facts to the complaint or plead a different cause of action," to a request to seek an additional remedy of which counsel should have been aware at the time of filing, and finding only the latter dilatory).

5

Finally, the Court finds that Plaintiffs' proposed amendments are not futile. "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.3d at 510. The Court has already found that Plaintiffs' amended complaint, on its own, alleges enough facts to state a claim for relief that is facially plausible; the Court finds no futility therefore in Plaintiffs' request to file a second amended complaint that clarifies and elaborates on those facts and allegations. Because Plaintiffs' request to amend is neither prejudicial nor futile and was not made in bad faith, Plaintiffs' motion for leave to file a second amended complaint is granted.

## CONCLUSION

Accordingly, for the reasons discussed above, Defendant Sharpsburg's motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiffs' state law claims and claim for punitive damages are DISMISSED. Plaintiffs' motion for leave to file second amended complaint is GRANTED. Plaintiffs' are DIRECTED to file their second amended complaint within ten (10) days of the date of entry of this order.

SO ORDERED, this ___6___ day of July 2012.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE